**Fany Jackeline RAMIREZ–MEJIA, also known as Fany Ramirez, also known as Fany Ramirez de Quinteros, Petitioner**

v.

**Loretta LYNCH, U.S. Attorney General, Respondent.**

**No. 14–60546.**

United States Court of Appeals, Fifth Circuit.

Feb. 11, 2016.

Alison Ruth Drucker, Carmel Morgan, Esq., Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Rebecca Ann Sharpless, Coral Gables, FL, Charles Roth, Chicago, IL, Karen Musalo, San Francisco, CA, for Amicus Curiae.

Before WIENER, SOUTHWICK, and GRAVES, Circuit Judges.

*ON PETITION FOR REHEARING EN BANC*

LESLIE H. SOUTHWICK, Circuit Judge:

Fany Jackeline Ramirez–Mejia petitioned for rehearing en banc of our July 21, 2015 decision. No member of the panel or judge in regular active service requested that the court be polled. Thus, the petition for rehearing en banc is DENIED. *See* FED. R.APP. P. 35; 5TH CIR. R. 35.

Our panel decision details the facts in this case. *See Ramirez–Mejia v. Lynch,* 794 F.3d 485, 487–89 (5th Cir.2015). Ramirez–Mejia's petition for rehearing en banc re-urges the same issues she raised in her appellate briefing. We address the question of asylum again in light of the petition.

Ramirez–Mejia contends this court erroneously held "that aliens whose removal orders are reinstated may not apply for asylum." *Id.* at 491. By statute, any alien whose removal order has been reinstated "may not apply for any relief under this

chapter." 8 U.S.C. § 1231(a)(5). It is obvious that Congress wanted illegal reentry to have serious consequences. We held that in light of the statute, asylum is unavailable for an alien like Ramirez–Mejia. That is not to say Ramirez–Mejia, and similarly situated aliens, are defenseless. She still has a right to seek withholding of removal or protection under the Convention Against Torture ("CAT"). She did so in this case.

We acknowledge that asylum is distinct from withholding of removal and CAT protection. Indeed, asylum may be the easiest of the three to justify. To qualify for asylum, an alien must present evidence of past persecution or a well-founded fear of future persecution, the latter of which requires a showing "that a reasonable person in the same circumstances would fear persecution if deported." *Sharma v. Holder,* 729 F.3d 407, 413 (5th Cir.2013). The standard for withholding of removal or CAT protection "is even higher than the standard for asylum, requiring a showing that it is *more likely than not* that the alien's life or freedom would be threatened by persecution on one of those grounds." *Orellana–Monson v. Holder,* 685 F.3d 511, 518 (5th Cir.2012) (emphasis added). Further, "asylum affords broader benefits." *I.N.S. v. Cardoza–Fonseca,* 480 U.S. 421, 428 n. 6, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). Asylum prevents a removal order from being entered and offers an alien a path to legal status. *See id.* In contrast, withholding of removal and CAT protection do not bar removal generally, but rather they bar removal to a designated country. *See id.*; 8 C.F.R. §§ 208.16(f), 208.17.

None of those distinctions alter our analysis of Section 1231(a)(5). Even if withholding of removal and CAT protection are slightly less potent remedies than asylum, the difference may well be consistent with Congress's intent to penalize illegal reentry. We need not justify the difference, but we note possible reasons for it.

In passing, Ramirez–Mejia suggests that consideration for asylum cannot be limited because it is a critical component in the United States' compliance with treaty obligations. The argument is unconvincing. The Supreme Court has clarified that asylum is a discretionary mechanism that corresponds with Article 34 of the United Nations Convention Relating to the State of Refugees, a "precatory" provision. *See Cardoza–Fonseca,* 480 U.S. at 441, 107 S.Ct. 1207. We find no treaty obligation in conflict with our holding. If withholding of removal and CAT protection were also eliminated for aliens who illegally reentered, the argument that our international obligations were being ignored would have some resonance. Congress did not go so far.

We reaffirm that "Section 1231(a)(5)'s plain language, relevant regulations, and analogous case law" dictate our conclusion that asylum is not available as relief to an alien who is found guilty of illegal reentry.

Ramirez–Mejia's petition for rehearing en banc is DENIED.